CHESTER BOWLES, as Administrator of the Office of Price Administration, Plaintiff, v. HARRY KUGELMAN, Defendant.

Supreme Court, Special Term, Bronx County, January 11, 1946.

*Callman Gottesman, Chief Enforcement Attorney,* and *Albert L. Colloms, Chief of the Fuel & Consumer Durable Goods Enforcement Section* (*Harry Alexander* of counsel), for plaintiff.

*Irving G. Schleimer* for defendant.

HOFSTADTER, J. The temporary injunction sought here would not restrain defendant from carrying on his business, but would require him to do so in compliance with Maximum Price Regulation 540 (10 Federal Register 1383, as amd.). In view of the showing that there have been violations of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*), a temporary injunction should issue even though defendant assures the court of full compliance in the future. Plaintiff does not have to establish that irreparable injury will result in the event no injunctive relief is granted, since the purpose of these suits is not to protect a private right but to protect the public from the evils flowing from selling at prices above the maxima set by the Office of Price Administration (*Bowles* v. *Swift & Co.,* 56 F. Supp. 679). The motion for a temporary injunction is granted. No bond is necessary under subdivision (a) of section 205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [a]). Settle order.